*I*

United States District Court
Southern District of Texas
FILED

JUL 1 5 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

ESCO MARINE, INC.,
EMILIO SANCHEZ, NORMA SANCHEZ,
RICHARD JAROSS, and ELKA JAROSS,

CASE NO. B-02-140

Plaintiffs,

v.

ROBBIE RECKWERDT,

Defendant.

_____/

## NOTICE OF REMOVAL

Defendant ROBBIE RECKWERDT (hereinafter "Robbie") hereby files this Notice seeking to remove this action from the County Court at Law of Cameron County, Texas in which said action is pending, to the District Court of the United States, in and for the Southern District of Texas, and in support thereof shows as follows:

1.      On or about June 21, 2002, an action was commenced in the County Court at Law of Cameron County, Texas, styled ESCO Marine, Inc., Emilio Sanchez, Norma Sanchez, Richard Jaross and Elka Jaross, Plaintiffs v. Robbie Reckwerdt, Case No. 02-CCL-55-C.

2.      This is a civil action in which the United States District Court has original diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332(a)(2), and is one which may be removed to this Court pursuant to 28 U.S.C. §1441, because: (1) the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; (2) the action is between citizens

of different states; and (3) the Defendant is not a citizen of the state in which the action was brought.

3.      The Plaintiff corporation is a Delaware corporation with its principal place of business in Brownsville, Texas.  Individual Plaintiffs EMILIO and NORMA SANCHEZ are Texas residents, while individual Plaintiffs RICHARD and ELKA JAROSS, although not stated in the Complaint, are residents of North Carolina.

4.      The Defendant is a citizen/resident of the State of Florida.  (See the Complaint, paragraph 3).

5.      Although the Complaint is styled as an action for declaratory judgment of the rights and parties under the August 22, 2001 Agreement, the Plaintiffs do not allege a specific amount of damages in the Complaint and fail to attach a copy of the contract to the pleading. However, the Plaintiffs allege that the payment due the Defendant is the greater of $400,000.00 or 40% of the net profit derived from the sale of material derived from dismantling the subject ship.  (See the Complaint, paragraph 5).

6.      Although the Plaintiffs are somewhat vague in the actual damages sought in the Complaint, Defendant is certain that the amount in controversy exceeds $75,000.00 exclusive of costs and fees.  The Plaintiffs actually offered $200,000.00 as being due from the Plaintiffs in correspondence sent to the Defendant.

7.      This Notice is filed in this Curt within thirty (30) days after service on the Defendant of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

2

8.    Attached to this Notice as Exhibit "A" is a copy of the initial pleading setting forth the claim for relief upon which this action is based.

9.    Written notice of the filing of this Notice of Removal will be given promptly to all adverse parties as required by law.

10.    A true and correct copy of this Notice of Removal will be filed promptly with the Clerk of the County Court at Law of Cameron County, Texas.

WHEREFORE, Defendant respectfully requests that the above action now pending against him in the County Court at Law of Cameron County, Texas be removed therefrom to this Court.

Respectfully submitted,

HORAN, HORAN & WALLACE, LLP
608 Whitehead Street
Key West, Florida 33040-6549
Telephone (305) 294-4585
Telefax (305) 294-7822

DAVID PAUL HORAN
For the Firm
FLA. BAR NO. 142474

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U. S. Mail to the office(s) of the following on Tom Fleming, Fleming & Hernandez, PC, 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78521-1602, this _15th_ day of ~~June~~ July 2002.

_DAVID PAUL HORAN_

DAVID PAUL HORAN

4

CAUSE NUMBER C2 ML-595-C

FILED FOR RECORD

AT ___ O'CLOCK ___ M

JUL  2002

JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

| | | |
|---|---|---|
| ESCO MARINE, INC.; | § | IN THE COUNTY COURT AT LAW |
| EMILIO SANCHEZ; | § | |
| NORMA SANCHEZ; | § | |
| RICHARD JAROSS; | § | |
| and ELKA JAROSS, | § | |
| | § | |
| *Plaintiffs,* | § | NUMBER _____ |
| | § | |
| v. | § | |
| | § | |
| ROBBIE RECKWERDT, | § | |
| | § | |
| *Defendant.* | § | OF CAMERON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, **ESCO MARINE, INC.; EMILIO SANCHEZ; NORMA SANCHEZ;**

**RICHARD JAROSS and ELKA JAROSS (hereinafter collectively called "Plaintiffs") and**

file this their Original Petition complaining of **ROBBIE RECKWERDT (hereinafter called**

**"Defendant"), and would show:**

I.

Discovery herein shall be governed under Discovery Control Plan Level 2.

II.

Venue is proper in Cameron County, Texas because all or a substantial part of

the events or omissions giving rise to this action occurred therein; Cameron County

is the location of the residence and principal office of Plaintiffs Emilio Sanchez,

Norma Sanchez and Esco Marine, Inc.; and the State of Texas has the most substantial



relationship to the transaction and the application of the laws of any other state would be contrary to the public policy of the State of Texas.

### III.

Defendant is an individual who resides in the State of Florida and who may be served by delivering to him citation and a copy of this petition by Certified United States Mail, Return Receipt Requested, at P. O. Box 2208, Key West, Florida 33040.

### IV.

On or about August 22, 2001, Plaintiffs and Defendant executed an agreement in writing by which Defendant agreed to arrange for an irrevocable letter of credit in the amount of One Million ($1,000,000.00) Dollars to enable Esco Marine, Inc. to acquire a Performance Bond and a Labor and Materials Payment Bond to dismantle a ship called the "General Alex M. Patch."

### V.

In consideration for the advance of funds by Defendant as required to secure the letter of credit, Plaintiff Esco Marine, Inc. was charged a fee of the greater of Four Hundred Thousand ($400,000.00) Dollars, or Forty (40%) Percent of the net profit derived from the sale of the material derived from dismantling the subject ship.

### VI.

Plaintiffs Emilio Sanchez, Norma Sanchez, Richard Jaross and Elke Jaross executed a guaranty of indemnity by which each agreed to indemnify and hold harmless the Defendant from any claim against the subject letter of credit.

**VII.**

A conflict exists between Plaintiffs and Defendant as to whether or not Plaintiffs are each obligated to pay Defendant the sum of Four Hundred Thousand ($400,000.00) Dollars, or more, or whether such sum constitutes interest and is usurious pursuant to the applicable provisions of the Texas Finance Code.

**VIII.**

The suit is brought pursuant to Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.* for the Court to declare the rights and obligations of the parties to the subject agreement and to determine if usurious interest has been charged Plaintiffs or any one of them.

**IX.**

In the event this Court finds that the sum or sums charged Plaintiffs or any one of them constitutes interest and that such interest is usurious, Plaintiffs pray the Court enter judgment against Defendant for those sanctions set out in Texas Finance Code, Section 305.001 *et seq.*

**X.**

Plaintiffs have found it necessary to retain the undersigned attorneys to protect their interests and they are entitled to recover their reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code, Section 37.009 and Texas Finance Code, Section 305.003.

WHEREFORE, Plaintiffs pray this Court determine and declare the rights and obligations of the parties to the agreement and, if this Court finds that Defendant has

charged a rate of interest which is usurious, that it apply the applicable statutory sanctions. Plaintiffs further pray for their attorney's fees and general relief.

DATED: June 21, 2002.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943

by:

Tom Fleming
State Bar of Texas No. 07133000

**ATTORNEYS FOR PLAINTIFFS,
ESCO MARINE, INC.;
EMILIO SANCHEZ;
NORMA SANCHEZ;
RICHARD JAROSS;
and ELKA JAROSS.**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

ESCO MARINE, INC.,
EMILIO SANCHEZ, NORMA SANCHEZ,
RICHARD JAROSS, and ELKA JAROSS,                          CASE NO. B-02-140

      Plaintiffs,

v.

ROBBIE RECKWERDT,

      Defendant.

_____/

## LIST OF COUNSEL OF RECORD AND
## RECORD FROM CAMERON COUNTY COURT AT LAW

COMES NOW, Defendant, ROBBIE RECKWERDT, and files this List of Counsel of

Record in the above referenced cause, and would respectfully show unto this honorable Court as

follows:

ATTORNEY FOR PLAINTIFFS:

    *Tom Fleming*
    Texas State Bar No. 07133000
    **FLEMING & HERNANDEZ, P.C.**
    1650 Paredes Line Road, Suite 102
    Brownsville, Texas 78521-1602
    Telephone:    (956) 982-4404
    Telecopier:    (956) 982-0943

<u>ATTORNEYS</u> <u>FOR</u> <u>DEFENDANT</u>:

*David Paul Horan*
Florida State Bar No. 142474
**HORAN, HORAN & WALLACE, L.L.P.**
608 Whitehead Street
Key West, Florida 33040-6549
Telephone:    (305) 294-4585
Telecopier:    (305) 294-7822

*Dennis Sanchez*
Texas State Bar No. 17569600
Federal Bar No. 1594
*C. Frank Wood*
Texas State Bar No. 24028136
Federal Bar No. 29870
**SANCHEZ, WHITTINGTON, JANIS**
            **& ZABARTE, L.L.P.**
100 North Expressway 83
Brownsville, Texas 78521-2284
Telephone:  (956) 546-3731
Telephone:  (956) 546-3765 or 3766

Further, attached to this pleading are all filings of record from Cameron County Court at Law

No. Two.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
            & ZABARTE, L.L.P.
    100 North Expressway 83
    Brownsville, Texas 78521-2284
    (956) 546-3731 - Telephone
    (956) 546-3765 or 3766 - Fax

By:
    C. Frank Wood
    State Bar No. 24028136
    Federal Bar No. 29870
    Dennis Sanchez
    State Bar No. 17569600
    Federal Bar No. 1594

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Defendant's List of Counsel of Record and Record from Cameron County Court at Law No. Two** has been served upon counsel for the Plaintiffs, Tom Fleming, FLEMING & HERNANDEZ, P.C., 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78521-1602, by hand delivery, on this _15th_ day of July, 2002.

C. Frank Wood

**FILED FOR RECORD**

AT _____ O'CLOCK _____ M

JUN 21 2002

JOE G. RIVERA
CAMERON COUNTY CLERK

By _____ Deputy

CAUSE NUMBER 02-CCL-555C

| | | |
|---|---|---|
| ESCO MARINE, INC.; | § | IN THE COUNTY COURT AT LAW |
| EMILIO SANCHEZ; | § | |
| NORMA SANCHEZ; | § | |
| RICHARD JAROSS; | § | |
| and ELKA JAROSS, | § | |
| | § | |
| **Plaintiffs,** | § | NUMBER *B* |
| | § | |
| v. | § | |
| | § | |
| ROBBIE RECKWERDT, | § | |
| | § | |
| **Defendant.** | § | OF CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, **ESCO MARINE, INC.; EMILIO SANCHEZ; NORMA SANCHEZ; RICHARD JAROSS and ELKA JAROSS (hereinafter collectively called "Plaintiffs")** and file this their Original Petition complaining of **ROBBIE RECKWERDT (hereinafter called "Defendant")**, and would show:

### I.

Discovery herein shall be governed under Discovery Control Plan Level 2.

### II.

Venue is proper in Cameron County, Texas because all or a substantial part of the events or omissions giving rise to this action occurred therein; Cameron County is the location of the residence and principal office of Plaintiffs Emilio Sanchez, Norma Sanchez and Esco Marine, Inc.; and the State of Texas has the most substantial

2002-CCL-0555C

relationship to the transaction and the application of the laws of any other state would be contrary to the public policy of the State of Texas.

### III.

Defendant is an individual who resides in the State of Florida and who may be served by delivering to him citation and a copy of this petition by Certified United States Mail, Return Receipt Requested, at P. O. Box 2208, Key West, Florida 33040.

### IV.

On or about August 22, 2001, Plaintiffs and Defendant executed an agreement in writing by which Defendant agreed to arrange for an irrevocable letter of credit in the amount of One Million ($1,000,000.00) Dollars to enable Esco Marine, Inc. to acquire a Performance Bond and a Labor and Materials Payment Bond to dismantle a ship called the "General Alex M. Patch."

### V.

In consideration for the advance of funds by Defendant as required to secure the letter of credit, Plaintiff Esco Marine, Inc. was charged a fee of the greater of Four Hundred Thousand ($400,000.00) Dollars, or Forty (40%) Percent of the net profit derived from the sale of the material derived from dismantling the subject ship.

### VI.

Plaintiffs Emilio Sanchez, Norma Sanchez, Richard Jaross and Elka Jaross executed a guaranty of indemnity by which each agreed to indemnify and hold harmless the Defendant from any claim against the subject letter of credit.

## VII.

A conflict exists between Plaintiffs and Defendant as to whether or not Plaintiffs are each obligated to pay Defendant the sum of Four Hundred Thousand ($400,000.00) Dollars, or more, or whether such sum constitutes interest and is usurious pursuant to the applicable provisions of the Texas Finance Code.

## VIII.

The suit is brought pursuant to Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.* for the Court to declare the rights and obligations of the parties to the subject agreement and to determine if usurious interest has been charged Plaintiffs or any one of them.

## IX.

In the event this Court finds that the sum or sums charged Plaintiffs or any one of them constitutes interest and that such interest is usurious, Plaintiffs pray the Court enter judgment against Defendant for those sanctions set out in Texas Finance Code, Section 305.001 *et seq.*

## X.

Plaintiffs have found it necessary to retain the undersigned attorneys to protect their interests and they are entitled to recover their reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code, Section 37.009 and Texas Finance Code, Section 305.003.

WHEREFORE, Plaintiffs pray this Court determine and declare the rights and obligations of the parties to the agreement and, if this Court finds that Defendant has

charged a rate of interest which is usurious, that it apply the applicable statutory sanctions. Plaintiffs further pray for their attorney's fees and general relief.

DATED: <u>June 21, 2002</u>.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943

by_____
Tom Fleming
State Bar of Texas No. 07133000

**ATTORNEYS FOR PLAINTIFFS,**
**ESCO MARINE, INC.;**
**EMILIO SANCHEZ;**
**NORMA SANCHEZ;**
**RICHARD JAROSS;**
**and ELKA JAROSS.**

Citation for Personal Service  - BY CERTIFIED MAIL      Lit. Seq. # 5.006.01

No. 2002-CCL-00555-C

—      T H E   S T A T E   O F   T E X A S      —

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: ROBBIE RECKWERDT

P.O. BOX 2208
KEY WEST, FL 33040

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the Plaintiff's
ORIGINAL PETITION

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 3 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by
TOM FLEMING            (Attorney for Plaintiff or Plaintiff),
whose address is SUITE 102 BROWNSVILLE, TEXAS   78521-1602
on the 21st day of   JUNE  , A.D. 2002, in this case numbered 2002-CCL-00555-C
on the docket of said court, and styled,

ESCO MARINE, INC; EMILIO SANCHEZ; NORMA SANCHEZ;
vs.
ROBBIE RECKWERDT

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's _____ ORIGINAL PETITION

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 24th day of   JUNE  , A.D. 2002.

JOE G. RIVERA        , County Clerk
Cameron County
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By: _____ Deputy
GABRIELA GARZA

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 24th of
JUNE  , 2002, I mailed to

ROBBIE RECKWERDT

by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO.   493897513
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

JOE G. RIVERA      , County Clerk
Cameron County, Texas

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7513    Robbie Reckwerdt

9389    | Postage | $ |
| Certified Fee | |
0004    | Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
0320    | Total Postage & Fees | $ |

Sent To  Robbie Reckwerdt
Street, Apt. No.;

CAUSE NUMBER 02-CCL-555-C

```
FILED FOR RECORD
AT 2:70'CLOCK P M

JUL 08 2002

IN THE COUNTY COURT JOE RIVERA
CAMERON COUNTY CLERK
By _____ Deputy
```

| | | |
|---|---|---|
| ESCO MARINE, INC.; | § | IN THE COUNTY COURT AT LAW |
| EMILIO SANCHEZ; | § | |
| NORMA SANCHEZ; | § | |
| RICHARD JAROSS; | § | |
| and ELKA JAROSS, | § | |
| | § | |
| *Plaintiffs,* | § | NUMBER THREE |
| | § | |
| v. | § | |
| | § | |
| ROBBIE RECKWERDT, | § | |
| | § | |
| *Defendant.* | § | OF CAMERON COUNTY, TEXAS |

## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Plaintiffs **ESCO MARINE, INC.; EMILIO SANCHEZ; NORMA SANCHEZ; RICHARD JAROSS and ELKA JAROSS** and file this Motion for Temporary Restraining Order and Temporary Injunction against Defendant **ROBBIE RECKWERDT,** and would show:

I.

Plaintiffs filed the above styled and numbered cause on June 21, 2002 pursuant to the Texas Declaratory Judgment Act requesting this Court determine the rights and obligations between the parties to an agreement in writing executed on or about August 22, 2001.

**II.**

Defendant is an individual who resides in the State of Florida with a mailing address of P. O. Box 2208, Key West, Florida 33040. Service on Defendant was attempted by Certified United States Mail, Return Receipt Requested, but Defendant has failed and refused to accept delivery of such service. Defendant is purportedly being represented by one David Paul Horan of Key West, Florida and Dennis Sanchez of Brownsville, Texas.

**III.**

On June 25, 2002, Plaintiffs furnished to Mr. Horan a copy of the filed Plaintiff's Original Petition after receiving correspondence from Mr. Horan dated June 24, 2002. As a result of receiving the courtesy copy of the petition now before this Court, Defendant instituted a suit against Plaintiffs on June 27, 2002 in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida. A copy of such "Complaint" is attached hereto as Exhibit A.

**IV.**

The suit filed by Defendant herein in the State of Florida alleges issues of rights and obligations between Plaintiffs and Defendant herein which Plaintiffs have requested this Court determine and declare. The suit before this Court was filed first in time and vests this Court with dominate jurisdiction. This Court has jurisdiction over this matter as set out in the Plaintiffs' Original Petition, and venue in Cameron County, Texas is proper.

**V.**

Plaintiffs incorporate by reference the factual allegations contained in the Plaintiffs' Original Petition and in this their motion.

**VI.**

Plaintiffs will suffer irreparable harm unless Defendant is restrained and enjoined from prosecuting the suit filed in the State of Florida while this Court is determining and declaring the rights and obligations between the same parties.

**VII.**

Plaintiffs have no adequate remedy at law or otherwise for the harm or damage threatened to be done by Defendant herein in the suit filed in the State of Florida because of the very real possibility that the Florida Court and this Court will arrive at different legal conclusions and results based on identical facts.

**VIII.**

It is essential that this Court issue notice to show cause directed to Defendant herein through its Counsel, David Paul Horan to appear and show cause, if any, why this Court should not issue its temporary restraining order and its injunction thereby enjoining Defendant herein from prosecuting the lawsuit filed in Monroe County, Florida.

WHEREFORE, Plaintiffs pray this Court issue its order that Defendant **ROBBIE RECKWERDT** appear and show cause why this Court should not issue its temporary restraining order and the Court issue such order and that this Court, following an evidentiary hearing, issue its temporary injunction thereby restraining and

enjoining **ROBBIE RECKWERDT** from prosecuting any suit in the State of Florida or elsewhere dealing with the rights and obligations of the parties herein as established by the written agreement dated August 22, 2001. Plaintiffs further pray for general relief.

DATED: July 8, 2002.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

by: _____
Tom Fleming
State Bar of Texas No. 07133000

**ATTORNEYS FOR PLAINTIFFS,**
**ESCO MARINE, INC.;**
**EMILIO SANCHEZ;**
**NORMA SANCHEZ;**
**RICHARD JAROSS;**
**and ELKA JAROSS.**

---

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

CASE NO.:

ROBBIE RECKWERDT,

       Plaintiff,

v.

ESCO MARINE, INC., a Delaware
corporation, EMILIO SANCHEZ, President
and EMILIO SANCHEZ, NORMA SANCHEZ,
RICHARD JAROSS, and ELKA JAROSS,
Individually,

       Defendants.

_____/

## COMPLAINT

The Plaintiff ROBBIE RECKWERDT, by and through his undersigned attorneys, bring this action against ESCO MARINE, INC., a Delaware corporation, EMILIO SANCHEZ, President and against individual Defendants EMILIO SANCHEZ, NORMA SANCHEZ, RICHARD JAROSS and ELKA JAROSS, and as grounds therefore would state as follows:

1.     The Plaintiff ROBBIE RECKWERDT (hereinafter "Robbie") is a resident of Key West, Monroe County, Florida.

2.     The Defendant ESCO MARINE, INC., is a Delaware corporation, doing business at 16200 Joe Garza Sr. Road, Brownsville, Texas  78523 (hereinafter referred to as "ESCO"). Individual Defendant EMILIO SANCHEZ is the President of ESCO.  EMILIO SANCHEZ and his wife, NORMA SANCHEZ, who is also an individual defendant, are residents of the State of Texas.   Individual Defendants RICHARD JAROSS and ELKA JAROSS are residents of Wilmington, North Carolina.

EXHIBIT NO. A

3.      The amount in controversy is in excess of $300,000.00.

4.      On or about June 11th, 2001, ESCO entered into a contract with OCEAN SHIP

HOLDINGS, INC., (hereinafter "OSI") of Houston, Texas for the dismantling (including

towing) and disposal of the vessel "General Alex M. Patch" (hereinafter the "vessel"), which

at that time was located in the James River in Virginia.  OSI (acting on behalf of the United

States of America) entered into the contract with ESCO.

5.      The contract between ESCO and OSI required ESCO to submit to OSI acceptable

insurance certificates and substantial performance bonds prior to commencement of the

preparations for towing the vessel from Virginia to the ESCO shipyard in Brownsville, Texas.

6.      On July 26th, 2001 OSI notified Defendant EMILIO SANCHEZ (as President of

ESCO) that the June 11, 2001 contract had provided a ten (10) day time period within which to

provide the specified insurance coverages and performance bonds; however, after seven (7)

weeks, ESCO had still not provided OSI with the required performance bond in the amount of

$2,073,136.00, nor the payment bond in the amount of $1,036,568.00.  In the letter of July

26th, 2001, OSI questioned ESCO's ability or willingness to provide the required bonds and

otherwise perform under the June 11th, 2001 contract.  OSI requested a letter from ESCO giving

OSI a "firm date" by which ESCO would provide the bonding documentation and commence

work on the vessel.  OSI, in its letter of July 26th, requested a response from ESCO by the

close of business on July 27th, 2001.

7.      By letter dated July 27th, 2001, OSI informed Defendant ESCO that ESCO had

to comply with the bonding provisions of the June 11th, 2001 contract and OSI requested

2

assurance that ESCO would immediately commence with actions necessary to satisfy the contract requirements.

Later, in a letter dated August 16th, 2001, OSI informed ESCO that they should advise OSI in writing (on Thursday of each week) of the progress being made by ESCO in satisfying the bonding requirements of the contract. ESCO was told by OSI that there would have to be a "definite date" by which the bonding requirement would be met and the work under the contract would commence. Individual defendant EMILIO SANCHEZ acknowledged the OSI requirements that were contained in the August 16th, 2001 correspondence from OSI to ESCO.

8.    At some point in July or early August, 2001, ESCO proposed a Joint Venture Agreement with Robbie by which Robbie would place collateral (estimated to be $1,200,000.00) for the posting of the performance bond under the terms required by ACSTAR Insurance Company. As compensation for Robbie placing Robbie's collateral with ACSTAR Insurance Company for the posting of the bond, ESCO proposed that they would pay to Robbie either forty (40%) percent of the net profits of dismantling and disposing of the vessel or $400,000.00, whichever was greater.

9.    On or about August 20th, 2001, ESCO drafted another "Joint Venture Agreement" under which Robbie would place $1,200,000.00 in collateral for the posting of a bond of $1,000,000.00 and a payment of $200,000.00 to pay for bond costs and towing and insurance for the vessel that was to be delivered from the James River Reserve Fleet in Virginia to Brownsville, Texas. A copy of the August 20th, 2001 Joint Venture Agreement proposed by ESCO is attached hereto and made a part hereof as Exhibit "A".

3

10.   On Tuesday, August 21st, 2001, ESCO proposed an "Addendum" to the August 20th, 2001 Agreement which proposed that in return for placing the collateral for the posting of the bonds (including the performance bond and the bond for costs, towing and insurance) Robbie would receive $40.00 from ESCO's sale of each ton of scrap and $ .20 from ESCO's sale of each pound of metal salvaged from the vessel. In addition, ESCO proposed that Robbie would receive ten (10%) percent of all funds invoiced by ESCO to OSI. A copy of ESCO's proposed Addendum to the August 20th, 2001 Joint Venture Agreement (sent to Robbie by individual defendant RICHARD JAROSS) is attached hereto and made a part hereof as Exhibit "B".

11.   On August 22nd, 2001, ESCO and Robbie entered into an agreement which superseded all prior agreements, written or oral, between Robbie and ESCO. Attached hereto and made a part hereof as Exhibit "C" is the Agreement of August 22nd, 2001 which was executed by all of the Defendants. Under this August 22nd, 2001 Agreement, Robbie was to provide to ACSTAR Insurance Company, collateral for the posting of a performance bond and a labor and materials payment bond totalling $2,100,000.00. In addition, Robbie agreed to advance up to $200,000.00 to ESCO for the payment of a bond for costs and towing of the vessel from James River, Virginia to the ESCO shipyard in Brownsville, Texas.

12.   In the August 22, 2001 Agreement, ESCO was to place all funds received from OSI under its June 11th, 2001 contract (as amended) into a special account under the control of ACSTAR Insurance Company (the company providing the performance bond and labor and materials payment bond for ESCO to OSI). See Exhibit "C", paragraph 5. ESCO agreed to instruct ACSTAR to make all agreed upon allocation of monies with the prorated amount being

4

paid directly to Robbie from ACSTAR for the funds due Robbie under the August 22, 2001 Agreement.

13.    The August 22, 2001 Agreement also provided that the profit sharing and repayment of funds advanced by Robbie would be paid on the basis of $40.00 collected from each ton of scrap sold by ESCO, $ .20 per pound for each pound of "metals" sold by ESCO, and Robbie was to be paid ten (10%) percent of the funds invoiced by ESCO to OSI with the funds to be released directly from the ACSTAR "special account" to Robbie upon the funds being received into the "special account". See Exhibit "C", paragraph 6.

14.    The August 22, 2001 Agreement provided that in the event there was any dispute under the agreement, venue would be in Key West, Monroe County, Florida, and the prevailing party in any dispute would be entitled to costs and reasonable attorneys fees. See Exhibit "C", paragraph 9.

15.    Finally, the individual defendants EMILIO SANCHEZ, NORMA SANCHEZ, RICHARD JAROSS and ELKA JAROSS agreed to be personal guarantors of ESCO's performance under the August 22, 2001 Agreement. See "Personal Guarantors" on page 3 of Exhibit "C".

16.    Pursuant to the August 22, 2001 Agreement, Robbie placed collateral of $1,000,000.00 for the posting of the ACSTAR bond and, in addition, advanced $200,000.00 to ESCO for the payment of the bond costs and towing of the vessel.

17.    Upon information and belief, the vessel is, at the time this Complaint is being filed, in the last stages of the dismantling and disposal under the contract between ESCO and OSI.

18.    Upon information and belief, ESCO has invoiced OSI in a total amount in excess of $2,000,000.00 and, also upon information and belief, OSI has made payments to ESCO in excess of $1,800,000.00.

19.    Upon information and belief, ESCO has sold approximately 6,000 tons of scrap and nearly 2,000 tons of metals for which Robbie should have received approximately $320,000.00.

20.    Pursuant to paragraph 9 of the August 22, 2001 Agreement, the prevailing party is entitled to fees and costs of this action.

## COUNT I - Conversion

21.    Plaintiff re-alleges paragraphs 1 through 20 as though fully set forth herein.

22.    Between October 13th, 2001 and the present date, Defendant ESCO and Defendant EMILIO SANCHEZ individually and as President of ESCO have converted to their own use, in excess of $300,000.00 that was then the property of the Plaintiff.

WHEREFORE Plaintiff demands judgment for damages against the Defendant, plus an assessment of attorneys fees and costs of this action.

## COUNT II

23.    Plaintiff re-alleges paragraphs 1 through 20 as though fully set forth herein.

24.    Defendant EMILIO SANCHEZ individually and as President of ESCO and Defendant ESCO used approximately $300,000.00 of funds then belonging to Robbie with the intent to either temporarily or permanently deprive Robbie of the right to the money and to appropriate the money for their own use in violation of Section 812.014(1) Florida Statutes.

6

25.    As a result of the Defendants' actions, Plaintiff has been injured due to the violation of Section 812.014 Florida Statutes and has lost in excess of $300,000.00 plus interest.

WHEREFORE Plaintiff demands judgment for treble damages and attorneys fees against Defendants.

COUNT III

26.    Plaintiff re-alleges paragraphs 1 through 20 as though fully set forth herein.

27.    As personal guarantors of the August 22, 2001 Agreement, the individual defendants EMILIO SANCHEZ, NORMA SANCHEZ, RICHARD JAROSS and ELKA JAROSS are individually and severally liable for any and all claims by OSI against the performance bonds (Robbie's $1,000,000.00 collateral).

WHEREFORE, Plaintiff demands judgment for indemnification against the individual defendants. Plaintiff also requests an award of attorneys fees and costs.

Respectfully submitted,

HORAN, HORAN & WALLACE, LLP
608 Whitehead Street
Key West, Florida 33040-6549
Telephone (305) 294-4585
Telefax (305) 294-7822

DAVID PAUL HORAN
Attorney for Plaintiff
FLA. BAR NO. 142474

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct "complimentary" copy of the foregoing was furnished by U. S. Mail to the office(s) of:  Tom Fleming, Fleming & Hernandez, PC, 1650 Paredes Line Road, Suite 102, Brownsville, Texas  78521-1602 on this _____ day of June, 2002.

DAVID PAUL HORAN

8

## JOINT VENTURE AGREEMENT

AGREEMENT made this 20th day of August, 2001 between ESCO MARINE INC. (ESCO), a corporation organized and existing under the laws of the State of Delaware and having an office at 16200 Joe Garza Sr. Road, Brownsville, Texas 78521, and ROBBIE ROCKWERDT (RR), an individual having an address at Post Office Box 2208, Key West, Florida.

WHEREAS, ESCO is a contracting party under a contract between ESCO and Ocean Shipholdings, Inc., acting for the United States Government, executed on June 11th, 2001, under Task Order T010000004 for the dismantling and disposal of the NDRF vessel GENERAL ALEX M. PATCH (Vessel) (the Contract); and

WHEREAS, ESCO will dismantle and dispose of the Vessel at its dismantling yard at Brownsville, Texas (the Yard); and

WHEREAS, RR agrees to place the collateral [estimated to be One Million Two Hundred Thousand ($1,200,000 USD) United States Dollars] for the posting of the Bond in accordance with this Agreement, i.e., $1,000,000 USD Letter of Credit for Bond and up to $200,000 USD to pay for the bond costs, towing and insurance for the Vessel to be delivered from the James River Reserve Fleet, Norfolk, Virginia to Brownsville, Texas;

NOW THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. COLLATERAL POSTING FOR THE BOND: RR will place the collateral for the posting of the Bond as directed by ESCO's insurance representative, Noel Gregory of Gregory Marine Insurance, and in accordance with the terms of the ACSTAR Insurance Company. Refund of the collateral, as and when made, shall be made directly to RR:

2. PROFIT SHARING: As compensation to RR for placing the collateral for the posting of the Bond, ESCO agrees to pay to RR the following:

        a. 40% of the net profits of dismantling and disposing of the Vessel, or
          Four Hundred Thousand ($400,000 USD) United States Dollars,
          whichever is greater
        b. Plus Letter of Credit charges estimated to cost 2%.

3. Emilio Sanchez can receive no payment of profits or bonuses until the release of the Bond and payment of all funds due RR under this Agreement.

4. Net profit is to be calculated according to generally accepted accounting principles, with the maximum depreciation allowed to be calculated using only those figures from last year's depreciation schedule.

Only actual yard costs will be used in calculating net profit under this Agreement.

(Agreement/ESCO-RR – 8/20/2001 – Page 1 of 3 pages)





Aug-20-01 06:22P richa aross

-2-

5. Funds received under this Agreement from Ocean Shipholdings Inc. will be directed to a special account under the control of the bonding company. ESCO will instruct the bonding company to make all agreed upon allocations of monies, with part going back to ESCO for operating expenses and a prorated amount to be paid to RR for funds due RR under this Agreement.

6. DILIGENCE: ESCO warrants that it will diligently dismantle the Vessel and dispose of the material therefrom in accordance with the Contract and as quickly as is reasonably possible. ESCO warrants that it will comply with all terms, conditions and exceptions whatsoever of the Contract.

7. COMMUNICATIONS & NOTICE: ESCO shall contemporaneously send to RR copies of all communications and notices delivered to and received from the Government under the Contract.

8. RIGHT OF INSPECTION: RR shall have the right to enter the cutting yard at Brownsville, Texas at all reasonable business hours, to inspect the premises and the records related to the dismantling and disposal of the Vessel, either himself or through his appointed accountant. In either event, RR and any person entering into the dismantling yard on behalf of RR shall execute a waiver of liability in the form presented and as required by ESCO's liability insurer.

9. RIGHT TO TAKE OVER THE CONTRACT: If ESCO shall fail to diligently dismantle and dispose of the Vessel substantially in accordance with the Contract, RR shall have the right to enter into the Yard and to take over the management of the dismantling and disposal operation. In such event ESCO shall render all possible assistance to RR.

▾RR can only take over the Contract if ESCO receives a notice of failure to comply from Ocean Shipholdings Inc. and does not take immediate steps to cure such default.

10. TAXES: Each party shall remain responsible for payment of its own taxes.

11. ARBITRATION: Any dispute whatsoever arising under this Agreement or concerning its interpretation shall be submitted to arbitration in a city selected by mutual agreement of the parties hereto before a panel of three arbitrators, one appointed by each of the parties hereto and the third by the two arbitrators so chosen. Any decision of the arbitrators, or a majority of them, shall be final and conclusive and a judgment on the award may be entered in any court of competent jurisdiction. The arbitrators shall determine which party shall bear the expense of the arbitration or the proportion of such expenses which each party shall bear.

12. This Agreement, and all agreements referenced herein, contain the entire agreement between the parties with respect to the transactions contemplated hereby and supersede all prior agreements, written or oral, with respect to the subject matter hereof.

(Agreement/ESCO-RR – 8/20/2001 – Page 2 of 3 pages)

Aug-20-01 06:22P richard aross                                    P.03

-3-

13. This Agreement may not be modified in any respect except in writing signed by the parties hereto and shall be binding and shall enure to the benefit of the parties hereto and their successor assignees.

ESCO MARINE INC.                                    Guaranteed by:

By: _____                         _____
Emilio Sanchez President                             - Emilio Sanchez, Individually -

                                                     _____
                                                     - Norma Sanchez, Individually

                                                     _____
                                                     - Richard Jaross – Individually and
                                                        as Consultant to Esco Marine Inc.

                                                     _____
                                                     - Elka Jaross, Individually –

_____
- ROBBIE ROCKWERDT – Individually

(Agreement/ESCO-RR -- 8/20/2001 – Page 3 of 3 pages)

FROM :                           PHONE NO. : 9102540509              ...g. 21 2001 03:46PM P1

Tuesday, August 21, 2001

*E*

FAX MESSAGE TO:     Robbie Rockwerdt – Fax No. 305 294 0963

FROM:     ESCO MARINE INC.
          16200 Joe Garza St. Road – Brownsville, Tx 78521
          Phone: 956 831 8300  Fax: 956 831 8343

Ref: Joint Venture Agreement/GENERAL PATCH

Attached please find a draft addendum to the Joint Venture Agreement which I
believe handles the pay-back of the $600,000.

Any funds above the initial $400,000 insofar as the 40% profit will be distributed
when the job is finished against our accounting records.

If this looks all right to you, we will get the addendum signed by everyone concerned.

Best regards,

Richard Janoss – Consultant
  to ESCO MARINE INC.
1519 N. 23rd St. – Wilmington, NC 28405
Phone: 910 254 0200  Fax: 910 254 0608/0509


CC: Emilio Sanchez – ESCO – Brownsville, texas


1 of 3 pages.



AUG-21-01 TUE 5:07 PM  ROBBIES  PINE & SHIPPIN    FAX NO. 3652940063    P.

FROM :                    PHONE NO. : 9102540509            ug. 21 2001 03:46PM P2

## ADDENDUM NO. 1 TO JOINT VENTURE AGREEMENT

This *Addendum No. 1 to Joint Venture Agreement (Addendum)*, is supplemental to said Joint Venture Agreement (Agreement) made the 20th day of August, 2001 between Esco Marine Inc. (ESCO) & Robbie Rockwerdt (RR), regarding dismantling of the GENERAL ALEX M. PATCH, and addresses the repayment of the following funds:

> A. $200,000 USD in additional funds advanced by RR
> as per said Agreement for towing, insurance, etc.

> B. $400,000 USD minimum fee due under the Agreement
> for placing the Bond referred to in said Agreement.

> C. 2% of the estimated Letter of Credit costs as outlined in
> said Agreement.

The total of ¶ A, B & C above, i.e. $600,000 USD plus 2% of estimated letter of credit costs, will be paid back as follows:

> 1. $40 collected from each ton of scrap
> (est. 8500 tons @ $40/ton)
> by ESCO will be remitted to RR.............................................$ 340,000

> 2. $.20/lb. collected on each pound of metals
> (est. 600,000 lbs. @ $.20/lb)
> by ESCO will be remitted to RR...........................................  120,000

> 3. 10% of funds invoiced to Ocean Shipholdings Inc.
> (Est. to be $200,000) to be released by the
> bonding company to RR upon receipt.....................................  200,000

> (est.)    $ 660,000

When the payments of any or all of the above funds equal $600,000 USD (plus 2% of the estimated Letter of Credit costs), then any monies due under the initial Joint Venture Agreement dated August 20th, 2001 between Esco Marine Inc. and Robbie Rockwerdt will be considered

(Addendum No. 1 to JV Agreement/ESCO-RR-8/21/2001 – Page 1 of 2 pages)

FROM :                          PHONE NO. : 9102540509           Aug. 21 2001 03:47PM P3

-2-

paid in full, *excepting only,* those additional funds which may be due upon final calculation of the profit determination for the Joint Venture.

ESCO MARINE INC.

By:
    Emilio Sanchez President

- Emilio Sanchez, Individually -

- Norma Sanchez, Individually

- Richard Jaross – Individually and
    as Consultant to Esco Marine Inc.

- Elka Jaross, Individually –

- ROBBIE ROCKWERDT – Individually

(Addendum No. 1 to JV Agreement/ESCO-RR-8/21/2001 – Page 2 of 2 pages)

## AGREEMENT

THIS AGREEMENT made this 22 day of August, 2001, between ESCO MARINE, INC. (ESCO), a corporation organized and existing under the laws of the State of Delaware and having an office at 16200 Joe Garza, Sr. Road, Brownsville, Texas 78521, and ROBBIE RECKWERDT (RR) an individual having an address at Post Office Box 2208, Key West, Florida 33040.

WHEREAS, ESCO is a contracting party under a contract between ESCO and ACSTAR INSURANCE COMPANY (ACSTAR) which provides for issuance of a Performance Bond and Labor and Materials Payment Bond (the Contract) in favor of Ocean Shipholdings, Inc. (OSI), acting for the United States Government, under Task Order TO10000004 for the dismantling and disposal of the NDRF vessel GENERAL ALEX M. PATCH (Vessel); and

WHEREAS, ESCO, pursuant to the contract must provide the Performance Bond and Labor and Materials Payment Bond for the dismantling and disposal of the Vessel at the ESCO dismantling yard at Brownsville, Texas (the Yard), and

WHEREAS, RR agrees to place collateral of One Million ($1,000,000.00 USD) United States Dollars for the posting of the ACSTAR Bonds in accordance with this Agreement. i.e., $1,000,000 USD Letter of Credit for Bond.

NOW THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1.    COLLATERAL POSTING FOR THE BOND:  RR will cause to be issued an irrevocable Letter of Credit in the total amount of $1,000,000.00 USD in order to allow ESCO to post the Performance Bond and Labor and Materials Payment Bond totalling $2,100,00.00 USD as directed by ESCO's insurance representative, Noel Gregory of Gregory Marine Insurance, and in accordance with the terms of the contract between ESCO and ACSTAR Insurance Company.  Refund of the Letter of Credit as and when made, shall be made directly to RR by ESCO's representative, Noel Gregory.

2.    PROFIT SHARING:  As compensation to RR for placing the collateral for the posting of the Performance Bond and Labor and Materials Bond, ESCO agrees to pay to RR the following:

    a.    40% of the net profits of the dismantling and disposing of the Vessel, payable to ESCO under the Disposal Contract with OSI or Four Hundred Thousand ($400,000.00 USD) United States Dollars, whichever is greater.  Net profit is to be calculated according to generally accepted accounting principals, with the maximum depreciation allowed to be calculated using only those figures from last year's depreciation schedule.  Only actual yard costs will be used in calculating net profit under this Agreement.



"3.    On June 21, 2002, I filed the Plaintiffs' Original Petition herein which initiated the above styled and numbered cause which involves the parties named therein.

"4.    On June 24, 2002, my clients, Emilio Sanchez and Esco Marine, Inc. received a "Telecopy Transmittal" from David Paul Horan threatening suit against each of the Plaintiffs named in the suit before this Court. *Exhibit 1 attached hereto.*

"5.    As a result of the communication from Horan, I sent to him a copy of the Plaintiffs' Original Petition filed before this Court on June 21, 2002 and a letter explaining the basis for venue in Cameron County, Texas. *Exhibit 2 attached hereto.* This correspondence was sent to avoid multiple litigation of the same subject matter in different states and as a professional courtesy.

"6.    On June 27, 2002, without notice, Horan filed suit in Monroe County, Florida on behalf of Robbie Reckwerdt against the exact parties who are Plaintiffs before this Court.

"7.    If this Court does not restrain Robbie Reckwerdt from prosecuting the subsequently filed suit in Monroe County, Florida, the Plaintiffs will suffer irreparable loss and damage by having to litigate the same issues in two different jurisdictions with the possibility of two different results based upon the identical evidence. This conclusion would leave all matters in the same unresolved state as current litigation."

Further, Affiant sayeth naught.



Tom Fleming

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, by

the said **Tom Fleming** on the 8th day of July, 2002, to certify which WITNESS MY

HAND AND OFFICIAL SEAL OF OFFICE.

BARBARA WARNKE
MY COMMISSION EXPIRES
May 2, 2005

Notary Public, State of Texas

# HORAN, HORAN & WALLACE, LLP
### ATTORNEYS AT LAW
### 608 WHITEHEAD STREET
### KEY WEST, FLORIDA  33040

*DAVID PAUL HORAN, P A
EDWARD W. HORAN, P.A.
R. BRUCE WALLACE, P.A.
**PATRICIA A. EABLES

(305) 294-4585
(305) 294-3488
FAX (305) 294-7822
* Also Member Colorado Bar
** Also Member Arkansas Bar

## TELECOPY TRANSMITTAL
### June 24, 2002

TO:            Emilio Sanchez - ESCO Marine

FROM:          **DAVID PAUL HORAN**

CLIENT/FILE NAME:      Robbie v. ESCO

TELECOPY TRANSMITTED TO:      (956)  831-8343

---

Emilio:

It's been nearly a year since you and Richard and your wives entered into the personal guarantee of the attached contract.

As of May 28th, 2002, you have invoiced OSI a total of $1,985,789.00 and based upon OSI's records you have received $1,787,210.00. This does not include any June 2002 invoices or payments on June invoices. Based on paragraph 6(c) of your 8/22/01 Agreement (10% of funds invoiced), Robbie should have received $198,579.00 of these funds. You have sold nearly 6,000 tons of scrap for which Robbie should have received $240,000 and for the nearly 2,000 tons of metals you have sold should have received another $80,000.00 - for a grand total of about $520,000.00.

You have used/converted over $300,000 of these funds without Robbie's knowledge or consent.

We have been instructed by our client to file an action for conversion and breach of contract. The action will be filed here in Key West pursuant to paragraph 9 of the Agreement. We will put ACSTAR and OSI on notice of the litigation and require all funds (including OSI's 10% retainage/holdback) to be deposited into the registry of the Court. Please understand that I can file this week and proceed against ESCO, you, Richard, Norma and Elka, and all of you will end up paying the judgment, plus my fees and costs.

EXHIBIT NO. 1

Emilio Sanchez
June 24, 2002
Page    2

The <u>only</u> alternative to this extensive/expensive litigation is for us to get this matter settled. I will expect a call from you or your attorneys no later than 1:00 P.M. (your time) tomorrow. I sincerely hope that this matter can be resolved. I look forward to your response.

Sincerely yours,

DAVID PAUL HORAN
For the Firm

DPH:krh
Attachment.

**IF TRANSMISSION IS INCOMPLETE, PLEASE CALL (305) 294-4585 right away - otherwise we will assume you have received this transmission in its entirety.**

# FLEMING & HERNANDEZ, P.C.

**Attorneys at Law**
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

June 25, 2002

Mr. David Paul Horan
HORAN, HORAN & WALLACE, LLP
608 Whitehead Street
Key West, Florida  33040

*FACSIMILE (305) 294-7822*
*and FIRST CLASS UNITED STATES MAIL*

> Re:  **Cause Number 02-CCL-555-C**
> **In the County Court at Law Number Three/Cameron County, Texas**
> *Esco Marine, Inc.; Emilio Sanchez; Norma Sanchez; Richard Jaross; and Elka Jaross, Plaintiffs, v. Robbie Reckwerdt, Defendant.*

Dear Mr. Horan:

This firm represents Esco Marine, Inc.; Emilio Sanchez; Norma Sanchez; Richard Jaross; and Elka Jaross in the above styled and numbered cause.  Our clients have furnished to us your memorandum dated June 24, 2002.

Enclosed is a copy of the Plaintiff's Original Petition filed on June 21, 2002 under the Texas Declaratory Judgments Act.  As you will see, we are requesting the Court declare the rights and obligations of the parties under the subject agreement and, if the Court determines the charge for use of your client's funds to be interest, we are requesting sanctions for the charge of usurious interest.

Our Supreme Court in *De Santis v. Wackenhut Corporation*, 793 S.W.2d 670 (Tex. 1990) has adopted Section 187 of the Restatement (Second) of Conflict of Laws which applies the laws of the state which has a materially greater interest in the transaction.  We, therefore, believe venue is proper in Cameron County, Texas. Clearly, our Court has the earliest and, therefore, original jurisdiction of the matter.

Should you wish to discuss this matter, please advise.

Very truly yours,

**FLEMING & HERNANDEZ, P.C.**

by: _____
Tom Fleming

EXHIBIT NO. 2

TF/bgw
Enclosure

#021088  L:\WARNKE\CLIENT\ESCO\Reckwerdt\Horan-1Ltr.wpd

CAUSE NUMBER 02-CCL-555-C

| | | |
|---|---|---|
| **ESCO MARINE, INC.;** | § | **IN THE COUNTY COURT AT LAW** |
| **EMILIO SANCHEZ;** | § | |
| **NORMA SANCHEZ;** | § | |
| **RICHARD JAROSS;** | § | |
| **and ELKA JAROSS,** | § | |
| | § | |
| *Plaintiffs,* | § | **NUMBER THREE** |
| | § | |
| **v.** | § | |
| | § | |
| **ROBBIE RECKWERDT,** | § | |
| | § | |
| *Defendant.* | § | **OF CAMERON COUNTY, TEXAS** |

## ORDER FIXING TIME FOR HEARING

Plaintiffs herein, **ESCO MARINE, INC.; EMILIO SANCHEZ; NORMA SANCHEZ;**

**RICHARD JAROSS and ELKA JAROSS** have filed with me their sworn motion in which

they apply for a temporary restraining order and a temporary injunction, a true copy

of which is attached hereto.

This motion will be heard by this Court on the _17th_ day of July, 2002 at

_8.30_ o'clock _A_.m. in Brownsville, Cameron County, Texas.

The Defendant may oppose the motion and present evidence in support of his

contentions.

SIGNED FOR ENTRY on the _10th_ day of July, 2002.

july 12, 2002
TOM FLEMING
   1650 PAREDES LINE ROAD, STE 102
   B'VILLE, TX 78520
ROBBIE RECKWERDT
   P.O. BOX 2208
   KEY WEST,FL 33040

_____
**JUDGE PRESIDING**

# CIVIL DOCKET

CASE NO. 2002-CCL-00555-C

| | ATTORNEYS | KIND OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|
| | | | MONTH | DAY | YEAR |
| ES | | | 06 | 21 | 02 |
| CHEZ; NORMA SANCHEZ; | (00543301) TOM FLEMING | (06) | | | |
| | | SUIT ON AGREEMENT | | | |
| ERDT | | JURY FEE $ | | | |
| | | PAID BY | | | |

COURT'S DOCKETS | PAPERS FILED - (CLERK'S FILE DOCKET)

To show cause and apply for TRO is set for
at 8:31 a.m. signed ___ DM

**State of Texas**
**County of Cameron**
I, Joe G. Rivera, County Clerk of
Cameron County, Texas, do hereby certify
that the foregoing is a true and correct
copy of the original record now on file
and/or recorded by me in the ___ ___ of
___ Records.
___ Date
JOE G. RIVERA, COUNTY CLERK
Cameron County, Texas
By ___ Deputy

**A CERTIFIED COPY**
Joe G. Rivera, County Clerk
Cameron County, Texas
Page ___ of ___