UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 9 2002

Michael N. Milby
Clerk of Court

ESCO MARINE, INC.,
EMILIO SANCHEZ, NORMA SANCHEZ,
RICHARD JAROSS, and ELKA JAROSS,

   Plaintiffs,

v.

ROBBIE RECKWERDT,

   Defendant.

CASE NO. B-02-140

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(3) AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROBBIE RECKWERDT, Defendant herein, and files this his Motion to Dismiss Pursuant to F.R.C.P. 12(b)(3) and Original Answer, and in support thereof would respectfully show unto this honorable Court as follows:

I.

Background

Plaintiffs brought this cause of action in Cameron County Court at Law seeking a declaratory judgement based on a contract entered into by and between Plaintiffs and Defendant. A true and correct copy of said contract is attached hereto as Exhibit A, and by way of reference is incorporated herein for all purposes. Defendant removed this cause on July 15, 2002 pursuant to 28 U.S.C. §1441, based on diversity of citizenship between the parties under 28 U.S.C. §1332. Defendant now

files his Motion to Dismiss Under F.R.C.P. 12(b)(3), and Original Answer <u>subject to</u> the aforesaid motion.

II.

Motion to Dismiss

The terms of the contract between Plaintiffs and Defendant plainly state that the proper venue in which to bring a cause of action based on said contract is Key West, Monroe County, State of Florida. See attached Exhibit A, paragraph 9. Nevertheless, Plaintiffs in this action filed suit in Cameron County Court at Law No. Three. Upon receiving knowledge of said litigation, Defendant initiated suit in the court of proper venue, namely, Monroe County, State of Florida, in the hopes of resolving this matter in controversy. A true and correct copy of said Plaintiff's Original Complaint is attached hereto as Exhibit B, and by way of reference is incorporated herein for all purposes. In support of his argument, Defendant relies on the well settled doctrine that, "a forum selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable." *Kevlin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995); *citing M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). Plaintiff in the instant case has made no such showing. Therefore, based on the provision in the agreement between Plaintiffs and Defendant, applicable law, and the fact that suit has already been initiated in the court of proper venue, Defendant prays this honorable Court to dismiss this action in accordance with Federal Rule of Civil Procedure 12(b)(3) and allow the proceedings in the court of proper venue to proceed.

III.

Attorneys' Fees

As a direct result of Plaintiffs bringing this cause of action a Court of improper venue, Defendant has been required to retain legal representation and counsel. Defendant has employed the firm of Sanchez, Whittington, Janis & Zabarte, L.L.P. to represent him in this cause. Had Plaintiffs' filed there Petition and Complaint in the Court of appropriate venue, Defendant would not have been required to make the afore stated expenditures for legal services.

IV.

Original Answer

COMES NOW, ROBBIE RECKWERDT, Defendant in the above entitled and styled action, and <u>subject</u> to the foregoing Motion to Dismiss files this his Original Answer to Plaintiff's Original Petition, and by way of answer and defense would respectfully show as follows:

Defendant, ROBBIE RECKWERDT, denies each and every, all and singular, the allegations in Plaintiff's Original Petition, and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant, ROBBIE RECKWERDT, prays that, after hearing held, this honorable Court dismiss this action in accordance with Federal Rule of Civil Procedure 12(b)(3), and grant Defendant the following:

1. all attorneys' fees and costs of court incurred as a result of Plaintiff's actions;
2. any and all relief available both at law and in equity; and
3. any and all further relief which the Court deems appropriate.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By: _____
C. Frank Wood
State Bar No. 24028136
Federal Bar No. 29870
Dennis Sanchez
State Bar No. 17569600
Federal Bar No. 1594

ATTORNEYS FOR DEFENDANT
ROBBIE RECKWERDT

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Defendant's Motion to Dismiss and Original Answer** has been served upon counsel for the Plaintiff, Thomas Flemming, FLEMMING & HERNADEZ, P.C., 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78520, by placing a true and correct copy of same in the United States Mail, certified, return receipt requested, with postage fully prepaid, on this 29TH day of July, 2002.

C. Frank Wood